McGREGOR W. SCOTT
United States Attorney
BRIAN A. FOGERTY
JASON HITT
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>ANTONIO LONG ANDREWS,<br><br>                   Defendant. | CASE NO. 2:18-CR-256 MCE<br><br>STIPULATION REGARDING TRIAL DATE AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: May 7, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This case is set for a trial confirmation hearing on May 7, 2020. ECF No. 42. The parties stipulate and request that the Court vacate the May 7, 2020, trial confirmation hearing, and set this case for a jury trial to commence on November 30, 2020, with a trial confirmation hearing on October 29, 2020, at 10:00 a.m. The parties further stipulate and request that the Court exclude the time between the vacated trial date, April 27, 2020, and the parties' new requested trial date, November 30, 2020, from the time in which trial must commence under the Speedy Trial Act.

On March 17, 2020, the Chief Judge of this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This Court had previously set a jury trial in this matter to begin on April 27, 2020. ECF No. 42. The General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). Accordingly, this Court should designate new dates for the trial confirmation hearing (October 29, 2020) and jury trial (November 30, 2020). *United States*

*v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial confirmation hearing on May 7, 2020. ECF No. 42.

2. By this stipulation, defendant now moves to continue the trial confirmation hearing until October 29, 2020, and schedule a jury trial to commence on November 30, 2020, and to exclude time between April 27, 2020 (the vacated trial date), and November 30, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes tens of thousands of pages of law enforcement reports, forensic reports of numerous electronic devices, video recordings, and audio recordings of hundreds of telephone calls intercepted pursuant to Title III wiretap orders entered by this Court. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to review and analyze the voluminous discovery and review the discovery and information gathered therefrom with her client, who is currently incarcerated at the Sacramento County Jail. In light of the volume of discovery and the various form in which it exists (e.g., reports, audio and video files), counsel for the defendant seeks more time to conduct her review and prepare for trial.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because.

1      • Counsel and other relevant individuals have been encouraged to telework and

2      minimize personal contact to the greatest extent possible.  It will be difficult to

3      avoid personal contact should the hearing proceed.

4      • Some of the anticipated trial witnesses will need to travel in order to attend trial.

5      Conducting the trial as previously scheduled would make it difficult for witnesses

6      to safely travel to attend the trial.

7      f)      Based on the above-stated findings, the ends of justice served by continuing the

8      case as requested outweigh the interest of the public and the defendant in a trial within the

9      original date prescribed by the Speedy Trial Act.

10      g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

11      et seq., within which trial must commence, the time period of April 27, 2020, to November 30,

12      2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

13      T4] because it results from a continuance granted by the Court at defendant's request on the basis

14      of the Court's finding that the ends of justice served by taking such action outweigh the best

15      interest of the public and the defendant in a speedy trial.

16      ///

17      ///

18      ///

19      ///

20      ///

21      ///

22      ///

23      ///

24      ///

25      ///

26      ///

27      ///

28      ///

1          4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the

2    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3    must commence.

4          IT IS SO STIPULATED.

5

6    Dated:  March 31, 2020                        McGREGOR W. SCOTT
                                                             United States Attorney

7

8                                         /s/ BRIAN A. FOGERTY
                                                             BRIAN A. FOGERTY
9                                                            Assistant United States Attorney

10

11   Dated:  March 31, 2020                        /s/ TONI WHITE
                                                             TONI WHITE
12                                                           Counsel for Defendant
                                                             Antonio Long Andrews

13

14                                    **ORDER**

15         IT IS SO ORDERED.

16

17   DATED:  April 1, 2020

18

19

20   _____

21   MORRISON C. ENGLAND, JR.
     UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT