McGREGOR W. SCOTT
United States Attorney
BRIAN A. FOGERTY
JASON HITT
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>ANTONIO LONG ANDREWS,<br><br>                    Defendant. | CASE NO.  2:18-CR-256 MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: October 29, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This case is set for a status conference on October 29, 2020.  ECF No. 74.  The parties stipulate to the facts set forth herein and request that the Court find these facts to supplement the Court's Order excluding time between August 6, 2020, and October 29, 2020, from the time in which trial must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4]. *See* ECF No. 74.

On March 17, 2020, the Chief Judge of this Court issued General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  On May 13, 2020, the Chief Judge of this District issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, the Chief Judge's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, the Chief Judge of this

District has allowed district judges to continue all criminal matters to a date after May 2, 2021.  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.  Those concerns arising from the ongoing pandemic still exist on the date of this Order.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

2      In light of the societal context created by the foregoing, this Court should consider the following

3  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

4  justice exception, § 3161(h)(7) (Local Code T4). These facts are proffered to supplement the Court's

5  finding of excludable time between August 6, 2020 and October 29, 2020. *See* ECF No. 74; *see also*

6  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

7  "specifically limited in time").

### STIPULATION

9      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

10 through defendant's counsel of record, hereby stipulate as follows:

11     1.      By previous order, this matter was set for trial confirmation hearing on October 29, 2020.

12 ECF No. 42.

13     2.      On its own motion, the Court entered an Order dated August 6, 2020, vacating the

14 November 30, 2020, trial date, resetting the October 29, 2020, hearing as a status conference, and

15 excluding time between August 6, 2020, and October 29, 2020 (the newly set status conference), under

16 Local Code T4.

17     3.      The parties agree and stipulate, and request that the Court find the following:

18         a)      The government has represented that the discovery associated with this case

19 includes tens of thousands of pages of law enforcement reports, forensic reports of numerous

20 electronic devices, video recordings, and audio recordings of hundreds of telephone calls

21 intercepted pursuant to Title III wiretap orders entered by this Court. All of this discovery has

22 been either produced directly to counsel and/or made available for inspection and copying.

23         b)      Counsel for defendant desires additional time to review and analyze the

24 voluminous discovery and review the discovery and information gathered therefrom with her

25 client, who is currently incarcerated at the Sacramento County Jail. In light of the volume of

26 discovery and the various form in which it exists (e.g., reports, audio and video files), counsel for

27 the defendant seeks more time to conduct her review and prepare for trial. The Court previously

28 excluded time through the November 30, 2020, trial date based on defense counsel's

representation that such time was necessary to permit defense counsel to review the evidence and prepare the defendant's defense.  *See* ECF No. 44 at 3–5 (Court's Order excluding time through November 30, 2020, on the basis of defense counsel's request for time to prepare).

c)  Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* ECF No. 44 at 3–5.

d)  The government does not object to the continuance.

e)  In addition to the public health concerns cited by General Orders 611 and 618, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because.

- Counsel and other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the trial proceed.

- Some of the anticipated trial witnesses will need to travel in order to attend trial. Conducting the trial as previously scheduled would make it difficult for witnesses to safely travel to attend the trial.

f)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 6, 2020, through October 29, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

///

1        4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3   must commence.

4        IT IS SO STIPULATED.

5

6   Dated:  August 19, 2020                    McGREGOR W. SCOTT
                                               United States Attorney
7

8                                              /s/ BRIAN A. FOGERTY
                                               BRIAN A. FOGERTY
9                                              Assistant United States Attorney

10

11  Dated:  August 19, 2020                    /s/ TONI WHITE
                                               TONI WHITE
12                                             Counsel for Defendant
                                               Antonio Long Andrews
13
                                **ORDER**
14

15        IT IS SO ORDERED.

16  Dated:  August 20, 2020

17

18                                             MORRISON C. ENGLAND, JR.
                                               SENIOR UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28