1  MCGREGOR W. SCOTT
United States Attorney
2  BRIAN A. FOGERTY
JASON HITT
3  Assistant United States Attorneys
501 I Street, Suite 10-100
4  Sacramento, CA 95814
Telephone:  (916) 554-2700
5  Facsimile:   (916) 554-2900

6

Attorneys for Plaintiff
7  United States of America

8

9                        IN THE UNITED STATES DISTRICT COURT

10                       EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:18-CR-256 MCE |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| ANTONIO LONG ANDREWS, | DATE: February 4, 2021 TIME: 10:00 a.m. |
| Defendant. | COURT: Hon. Morrison C. England, Jr. |

17

18         This case is set for a status conference on February 4, 2021.  ECF No. 81.  The parties stipulate

19  and request that the Court vacate the February 4, 2021 status conference and reset the case for a status

20  conference on March 18, 2021, at 10:00 a.m.  The parties further stipulate to the facts set forth herein

21  and request that the Court exclude the time between February 4, 2021, and March 18, 2021, from the

22  time in which trial must commence under the Speedy Trial Act, pursuant to 18 U.S.C.§ 3161(h)(7)(A),

23  B(iv) [Local Code T4].

24         On May 13, 2020, the Chief Judge issued General Order 618, which suspends all jury trials in the

25  Eastern District of California "until further notice."  Further, pursuant to General Order 611, the Chief

26  Judge's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial

27  Council's Order of April 16, 2020 continuing this Court's judicial emergency, the Court has allowed

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1 district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General

2 Orders, as well as the declarations of judicial emergency, were entered to address public health concerns

3 related to COVID-19.

4       Although the General Orders and declarations of emergency address the district-wide health

5 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

6 "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

7 findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

8 record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

9 failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

10 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

11 findings on the record "either orally or in writing").

12       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

13 and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

14 emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

15 judge granted such continuance on the basis of his findings that the ends of justice served by taking such

16 action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

17 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

18 case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

19 such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

20       The General Order and declaration of judicial emergency exclude delay in the "ends of justice."

21 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

22 continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

23 discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

24 week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

25 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

26 *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

27

28       [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

2   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

3   by the statutory rules.

4       In light of the societal context created by the foregoing, this Court should consider the following

5   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

6   justice exception, § 3161(h)(7) (Local Code T4).  *See also United States v. Lewis,* 611 F.3d 1172, 1176

7   (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

8                                    **STIPULATION**

9       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

10   through defendant's counsel of record, hereby stipulate as follows:

11       1.      By previous order, this matter was set for a status conference on February 4, 2021.  ECF

12   No. 81.

13       2.      The parties request that the Court vacate the February 4, 2021, status conference, and

14   reset it for March 18, 2021, excluding time between February 4, 2021, and March 18, 2021 (the newly

15   set status conference), under Local Code T4 for defense preparation.

16       3.      The parties agree and stipulate, and request that the Court find the following:

17          a)      The government has represented that the discovery associated with this case

18       includes tens of thousands of pages of law enforcement reports, forensic reports of numerous

19       electronic devices, video recordings, and audio recordings of hundreds of telephone calls

20       intercepted pursuant to Title III wiretap orders entered by this Court.  All of this discovery has

21       been either produced directly to counsel and/or made available for inspection and copying.

22          b)      Counsel for defendant desires additional time to review and analyze the

23       voluminous discovery and review the discovery and information gathered therefrom with her

24       client, who is currently incarcerated at the Sacramento County Jail.  In light of the volume of

25       discovery and the various form in which it exists (e.g., reports, audio and video files), counsel for

26       the defendant seeks more time to conduct her review and prepare for trial.  In addition, as part of

27       defense counsel's preparation for trial, defense counsel is working to obtain relevant information

28       from a cell phone expert who reviewed material related to this case.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    c)    Counsel for defendant believes that failure to grant the above-requested

2   continuance would deny her the reasonable time necessary for effective preparation, taking into

3   account the exercise of due diligence.

4    d)    The government does not object to the continuance.

5    e)    In addition to the public health concerns cited by the General Orders, declarations

6   of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice

7   delay is particularly apt in this case because.

8    • Counsel and other relevant individuals have been encouraged to telework and

9      minimize personal contact to the greatest extent possible.  It will be difficult to

10      avoid personal contact should the trial proceed.

11    • Some of the anticipated trial witnesses will need to travel in order to attend trial.

12      Conducting the trial as previously scheduled would make it difficult for witnesses

13      to safely travel to attend the trial.

14    f)    Based on the above-stated findings, the ends of justice served by continuing the

15   case as requested outweigh the interest of the public and the defendant in a trial within the

16   original date prescribed by the Speedy Trial Act.

17    g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

18   et seq., within which trial must commence, the time period of February 4, 2021, through March

19   18, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

20   Code T4] because it results from a continuance granted by the Court at defendant's request on

21   the basis of the Court's finding that the ends of justice served by taking such action outweigh the

22   best interest of the public and the defendant in a speedy trial.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT

1      4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4      IT IS SO STIPULATED.

5

6  Dated:  February 1, 2021                  McGREGOR W. SCOTT
United States Attorney

7

8                            /s/ BRIAN A. FOGERTY
BRIAN A. FOGERTY
Assistant United States Attorney

9

10

11  Dated:  February 1, 2021                /s/ TONI WHITE
TONI WHITE
Counsel for Defendant

12                            Antonio Long Andrews

13

14                        **ORDER**

15      IT IS SO ORDERED.

16 Dated:  February 8, 2021

17

18

19 MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28