PHILLIP A. TALBERT
Acting United States Attorney
BRIAN A. FOGERTY
JASON HITT
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO LONG ANDREWS,<br><br>Defendant. | CASE NO. 2:18-CR-256 MCE<br><br>**STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER**<br><br>DATE: March 18, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

    This case is set for a status conference on March 18, 2021. ECF No. 93. The parties stipulate and request that the Court vacate the March 18, 2021 status conference and reset the case for a status conference on April 22, 2021, at 10:00 a.m. The parties further stipulate to the facts set forth herein and request that the Court exclude the time between March 18, 2021, and April 22, 2021, from the time in which trial must commence under the Speedy Trial Act, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4].

    On May 13, 2020, the Chief Judge issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, the Chief Judge's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, the Court has allowed

district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Order and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  *See also United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on March 18, 2021.  ECF No. 93.

2. The parties request that the Court vacate the March 18, 2021, status conference, and reset it for **April 22, 2021, at 10:00 a.m**., excluding time between March 18, 2021, and April 22, 2021 (the newly set status conference), under Local Code T4 for defense preparation.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes tens of thousands of pages of law enforcement reports and forensic reports of numerous electronic devices, video recordings, and audio recordings of hundreds of telephone calls intercepted pursuant to Title III wiretap orders entered by this Court.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendant desires additional time to review and analyze the voluminous discovery and information gathered therefrom with her client, who is currently incarcerated at the Sacramento County Jail.  In light of the volume of discovery and the various forms in which it exists (e.g., reports, audio and video files), counsel for the defendant seeks more time to conduct her review and prepare for trial.  In addition, as part of defense counsel's preparation for trial, defense counsel is working to obtain relevant information from a cell phone expert who reviewed material related to this case.

     c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     d)     The government does not object to the continuance.

     e)     In addition to the public health concerns cited by the General Orders, declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- Counsel and other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the trial proceed.
- Some of the anticipated trial witnesses will need to travel in order to attend trial. Conducting the trial as previously scheduled would make it difficult for witnesses to safely travel to attend the trial.

     f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

     g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 18, 2021, through April 22, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 9, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ BRIAN A. FOGERTY
BRIAN A. FOGERTY
Assistant United States Attorney

Dated: March 9, 2021

/s/ TONI WHITE
TONI WHITE
Counsel for Defendant
Antonio Long Andrews

**ORDER**

**IT IS SO ORDERED**.

Dated: March 10, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE