UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

ANTONIO LONG ANDREWS,

           Defendant.

No.  2:18-cr-000256-JAM

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL AND RENEWED MOTION FOR ACQUITTAL**

This matter is before the Court on Defendant Antonio Long Andrews's Motion for New Trial under Federal Rules of Criminal Procedure ("FRCP") Rule 33 and Motion for Acquittal under Rule 29.  See Motion for New Trial and Renewed Motion for Acquittal ("Mot."), ECF No. 252.  Defendant was found guilty of sex trafficking by force, threats of force, fraud, or coercion in violation of 18 U.S.C. § 1591, at the conclusion of a jury trial on July 12, 2022.  Defendant argues that there was insufficient evidence to support his conviction and raises several evidentiary concerns.  Id.  The United States of America (the "Government") opposes Defendant's motions.  See Opp'n, ECF No. 264.  Defendant filed a reply.  See Reply, ECF No. 272.  For the following

1

reasons, Defendant's motions are DENIED.[1]

I.   OPINION

A.   <u>Motion for New Trial</u>

Defendant moves for a new trial under the FRCP Rule 33. Rule 33 provides that "upon the defendant's motion, a court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When a party moves for a new trial based on the sufficiency of the evidence, the Court will grant the motion only if it "concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." <u>United States v. A. Lanoy Alston, D.M.D., P.C.</u>, 974 F.2d 1206, 1211–12 (9th Cir.1992) (quoting <u>United States v. Lincoln</u>, 630 F.2d 1313, 1319 (8th Cir.1980)). Defendant presents five arguments for why a new trial is warranted. The Court considers each in turn.

1.   <u>Failure to Prove Intent</u>

Defendant argues the Court should grant a new trial under Rule 33, because the Government failed to put forth sufficient evidence of intent to sex traffic under § 1591. Mot. at 2. Defendant contends that the intent element necessary for a conviction under § 1591 must be proven by evidence of a prior pattern of sex trafficking. <u>Id.</u> at 3-4. In support of his argument, Defendant cites <u>United States v. Todd</u>, involving testimony from the victims as well as evidence that the defendant

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

had a prior pattern of sex trafficking.  Id. at 5 (citing 627
F.3d 329, 331 (9th Cir. 2010)).  Defendant argues that the
Government failed to meet its burden to prove intent, because the
Government failed to present victim testimony or put forth
evidence that Defendant had a history of sex trafficking before
his interactions with Victim #1.  Id. at 4.  Thus, Defendant
concludes, sex trafficking under § 1591 cannot be proved on the
evidence submitted and a new trial is proper.  Id. at 5-6.

    The Government responds that Defendant misstated the holding
in Todd and that the intent element required for a § 1591
violation does not require proof of prior acts.  Opp'n at 7.  The
Government contends the Ninth Circuit in Todd stated that intent
may be proven by evidence that the defendant had knowledge "in
the sense of being aware of an established modus operandi that
will in the future coerce a prostitute to engage in
prostitution."  Id. at 7 (citing Todd, 627 F.3d at 334).  The
Government argues that a "modus operandi" can be established
through more than just prior acts of sex trafficking and that to
hold otherwise would mean that a person cannot violate § 1591 the
first time they traffic a victim through force, threats of force,
or coercion; that is not what § 1591 states and it is not a
requirement imposed by Todd.  Id. at 8.

    The Government further asserts it presented sufficient
evidence for a conviction because the Defendant, like the
defendant in Todd, had an "established practice of living off the
earnings of a prostitute [through] rules controlling her work and
payment of the proceeds to him" through his conduct and words.
Id. (citing Todd, 627 F.3d at 334).  The Government points to

1   substantial evidence considered by the jury to prove intent,

2   including but not limited to: (1) Defendant's recorded calls from

3   the Sacramento County Jail to "Sean" and Victim #1 about Victim

4   #1's prostitution work; (2) Defendant's wiretapped conversations

5   with Jaquorey Carter; (3) Defendant's text messages to Victim #1

6   threatening to use force against her because her prostitution

7   work was unsatisfactory and monitoring her prostitution work; and

8   (4) Defendant's violence towards Victim #1 in the parking lot of

9   the Villa Park Motel on September 28, 2018.  Id. at 2-8.

10      In light of this evidence and the fact that a motion for new

11  trial should be granted only in "exceptional cases" where the

12  evidence heavily preponderates against the verdict, the Court

13  agrees with the Government that Defendant has failed to show that

14  a new trial is warranted.  United States v. Pimentel, 654 F.2d

15  538, 545 (9th Cir. 1981).  The Court also agrees with the

16  Government that the Defendant has misinterpreted the holding in

17  Todd and improperly narrowed the statutory language of § 1591 to

18  the illogical conclusion that sex trafficking can only be proven

19  through evidence of the sex trafficking of a prior victim.  This

20  interpretation is not supported by the Ninth Circuit's holding in

21  Todd nor is there any language in § 1591 to support such a

22  limitation.  Further, the Court finds that Defendant has failed

23  to sufficiently contest the substantial evidence with which the

24  jury found him guilty of violating § 1591.  Accordingly, the

25  Court declines to grant a new trial on grounds of insufficient

26  evidence.

27  ///

28  ///

4

1           2.   <u>Prejudicial Evidence of Prior Domestic Violence</u>

2                <u>Against Victim #2</u>

3     Defendant next argues that the Government improperly

4 introduced evidence of a domestic violence incident between

5 Defendant and Victim #2. Mot. at 6-7. Defendant claims that the

6 Court's curative efforts were not effective because the evidence

7 was both "incredibly prejudicial" against Defendant and

8 "incredibly probative" to the Government's case in proving

9 Defendant's intent. <u>Id.</u> at 8. Defendant points to the fact that

10 the jury, while deliberating, requested to relisten to a phone

11 call in which Victim #2 was mentioned. <u>Id.</u> at 8-9. Defendant

12 also argues that the Government's decision not to have Victim #1

13 testify at trial should be considered by the Court in granting a

14 new trial. <u>Id.</u> at 9-10.

15     The Government refutes Defendant's assertion that it relied

16 on or referred to evidence relating to Defendant's history of

17 domestic violence against Victim #2. Opp'n at 9-10. As for the

18 stricken testimony and exhibits, the Government asserts that they

19 were not prejudicial because the evidence was minimal, had little

20 connection to Defendant, and the Court properly instructed the

21 jury not to consider it. <u>Id.</u> at 10 (citing <u>Greer v. Miller</u>, 483

22 U.S. 756, 766 n.8 (1987)). The Court agrees.

23       Discussing how to cure the admission of inadmissible

24 evidence, the Supreme Court in <u>Miller</u> has stated that there is a

25 presumption that a jury will follow a court's instruction to

26 disregard the evidence unless there is an "overwhelming

27 probability that the jury will be unable to follow the court's

28 instructions and a strong likelihood that the effect of the

1   evidence would be devastating to the defendant." <u>Miller</u>, 483

2   U.S. at 766 n.8.  The Court finds that Defendant has failed to

3   overcome the presumption described in <u>Miller</u> because Defendant

4   has (1) not shown that there is an overwhelming probability that

5   the jury in this case was unable to follow the Court's

6   instructions and (2) not shown that the that the evidence related

7   to the alleged domestic violence incident between Defendant and

8   Victim #2 was devastating to Defendant's case.

9      As to the phone call that jurors listened to during their

10   deliberations, the Government asserts that the phone call

11   primarily covered topics related to Defendant and Victim #1 and

12   that it only mentioned Victim #2 three times.  <u>Id.</u> at 10-11.  As

13   such, the phone call by itself is insufficient to show that the

14   jury disregarded the Court's instructions or that a new trial is

15   warranted.  <u>Id.</u>  The jury's request to hear the phone call is not

16   inconsistent with the Court's instructions, because the phone

17   call primarily contained evidence not contested by Defendant.

18   Further, it is unclear how this phone call might be devastating

19   to Defendant's case when there is substantial other evidence that

20   speaks to the element of Defendant's intent.

21      Lastly, as to Defendant's contention that a victim of sex

22   trafficking must testify at trial for a jury to find a defendant

23   guilty, the Court finds Defendant's argument to be meritless.

24   <u>Id.</u> at 11-12.  A sex trafficking victim's testimony is not

25   required to sustain a sex trafficking conviction.  Circumstantial

26   evidence is sufficient and is "intrinsically no different from

27   testimonial evidence."  <u>Holland v. United States</u>, 348 U.S. 121,

28   140 (1954).  Accordingly, for the reasons discussed, the Court

1    declines to grant a new trial on this ground.

2              3.    Prejudice Against Defendant's Opening Statement

3         Defendant argues that the Government's delay in objecting to

4    the testimony of defense expert Armand King prejudiced Defendant

5    because defense counsel could not, in her opening statement,

6    confirm whether the expert testimony would be admitted during the

7    trial.  Mot. at 10-11.  In support of this claim, Defendant cites

8    to Rudin v. Myles, where the court stressed the importance of

9    opening statements in criminal cases to the success of a

10   defendant's case.  No. 211CV00643RFBEJY, 2022 WL 1556168, at *30

11   n. 53 (D. Nev. May 15, 2022).  Defendant claims that his

12   counsel's inability to reference the expert in her opening

13   statement denied the jury the knowledge that a defense expert

14   would come to rebut the Government's evidence.  Mot. at 11-12.

15   Without that opportunity, the defense could not fully lay out the

16   evidence it planned to show and was therefore prejudiced.  Id. at

17   12.

18        The Court finds Defendant's argument unpersuasive.  As the

19   Government observed, the Court was within its power to reserve

20   its decision on whether to admit expert testimony and, to the

21   extent that any prejudice was experienced, the Defendant has not

22   proven a need for a new trial.  Opp'n at 15.  Opening statements

23   are not evidence and are "intended to do no more than to inform

24   the jury in a general way of the nature of the action and defense

25   so that they may better be prepared to understand the evidence."

26   Best v. D.C., 291 U.S. 411, 415 (1934).  Further, Defendant's

27   case is distinguishable from Rudin, which involved an ineffective

28   assistance of counsel argument.  There, the defendant asserted

that his counsel gave an "incohesive, lacking opening statement" that "negatively shaped the jury's impression of the defense case"; the defendant also highlighted several other alleged deficiencies by counsel at trial to support his claim.  <u>Rudin</u>, WL 1556168 at *31–32.  <u>Rudin</u>, therefore, does not support Defendant's argument that a deficient opening statement constitutes grounds for a new trial.  Accordingly, the Court declines to grant a new trial on this ground.

4.   <u>Limitations on Defense Expert Armand King's Testimony</u>

Defendant argues that the Court improperly excluded certain Youtube videos from evidence that defense expert Armand King relied on in forming his conclusions about pimping culture and consensual prostitution.  Mot. at 12.  Defendant contends that these videos should have been admitted under FRE Rule 703.  <u>Id.</u> Defendant claims that these videos would have refuted the Government's contention that the expert was not familiar with this subject matter.  <u>Id.</u> at 14.

The Court disagrees.  Rule 703 allows experts to formulate opinions based on facts or data reasonably relied upon by experts in that field.  Fed. R. Evid. 703.  In assessing admissibility, the Court must determine (1) whether the facts or data are of a type reasonably relied on by experts in the field and (2) whether the probative value of the underlying data substantially outweighs its prejudicial effect.  <u>Turner v. Burlington N. Santa Fe R. Co.</u>, 338 F.3d 1058, 1061 (9th Cir. 2003).

As the Government contends, the videos were neither peer reviewed nor based on any discernable methodology.  Opp'n at 16.

1   These deficiencies bar the entry of these videos into evidence

2   under Rule 703.  Id.  The Court found that the expert's videos

3   failed to meet Rule 703's requirements and failed on relevance

4   and hearsay grounds.  Defendant's argument under this claim

5   rehashes his argument at trial without alleging any new facts,

6   case law, or statutory authority that would support the Court

7   reconsidering its prior ruling on the admissibility of the

8   YouTube videos at issue.  The Court finds it properly excluded

9   the videos as unreliable and inadmissible hearsay.  Accordingly,

10  the Court declines to grant a new trial on this ground.

11          5.   Admissibility of Jail Calls Between Defendant and

12               Victim #1

13      The Defendant argues that the Court improperly excluded

14  portions of jail calls between Defendant and Victim #1 that would

15  have demonstrated that Defendant did not use force, fraud, or

16  coercion in the past against Victim #1 to force her to commit a

17  commercial sex act.  Mot. at 15.  Defendant contends that these

18  recordings should have been allowed either as non-hearsay—to show

19  the interaction between Defendant and Victim #1 and Victim #1's

20  lack of fear—or as an exception to hearsay under FRE Rule 803(3)

21  to show Victim #1's then existing mental or emotional state.  Id.

22  Defendant argues that the Ninth Circuit's holding in Wagner v.

23  County of Maricopa, 747 F.3d 1048 (9th Cir. 2013), supports his

24  claim that jail calls are admissible to establish a declarant's

25  state of mind.  Id. at 16.

26      The Ninth Circuit has stated that courts determining the

27  admissibility of statements under FRE Rule 803(3) must consider

28  three factors: (1) contemporaneousness, (2) the chance for

9

reflection by the declarant, and (3) relevance.  <u>United States v.</u>
<u>Faust</u>, 850 F.2d 575, 585 (9th Cir. 1988) (citing <u>United States v.</u>
<u>Ponticelli</u>, 622 F.2d 985, 991 (9th Cir. 1980)).  The chance for
reflection weighs against admission because, for example, there
is greater chance for misrepresentation when a defendant is aware
that they are under investigation and that their statements can
be used against them.  <u>Ponticelli</u>, 622 F.2d at 992.

The Government argues that the jail calls were properly
excluded as irrelevant and hearsay.  Opp'n at 18.  The Court
agrees.  The Court finds that Defendant has failed to submit case
law or statutory authority to support his contention that the
jail calls he sought to admit qualify as non-hearsay.  Even if
the jail calls qualified as non-hearsay, they would still fail to
meet the relevancy requirements of FRE Rule 401 because their
purported purposes have no tendency to make any fact in the case
more or less probable.  Fed. R. Evid. 401.  Further, Defendant's
factual allegations and reference to <u>Wagner</u> do not support a
finding that Victim #1's state of mind is relevant to the
requisite elements of § 1591.  Defendant's argument also fails to
rebut the inclination against admissibility of evidence when
Defendant had a chance for reflection before making the
statements in the calls at issue.  Accordingly, the Court
declines to grant a new trial on this ground.

B.   <u>Renewed Motion for Acquittal</u>

Defendant renews his motion for acquittal under Rule 29 on
the grounds that the evidence is insufficient to sustain his
conviction.  Mot. at 18.  The Government opposes the motion.
Opp'n at 20.

1    When considering a Rule 29 motion for a judgment of
2 acquittal, the evidence adduced at trial is viewed in the light
3 most favorable to the government, and an acquittal should not be
4 ordered where "any rational trier of fact could find each
5 essential element of the crime beyond a reasonable doubt."
6 United States v. Mosley, 465 F.3d 412, 415 (9th Cir.2006) (citing
7 Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

8    Viewing the evidence in the light most favorable to the
9 Government and consistent with the Court's findings regarding the
10 sufficiency of the evidence under Defendant's Rule 33 motion, the
11 Court finds that a rational trier of fact could find each element
12 of § 1591 beyond a reasonable doubt.  The Court denies
13 Defendant's renewed motion for acquittal.

14                          II.   ORDER

15    For the reasons set forth above, the Court DENIES
16 Defendant's motion for new trial and DENIES Defendant's renewed
17 motion for acquittal.

18    IT IS SO ORDERED.

19 Dated: October 13, 2022

20

21    _____
22    JOHN A. MENDEZ
      SENIOR UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28
                              11